## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## SAVANNAH DIVISION

| | | |
|---|---|---|
| ROY MANDELL SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV423-148 |
| | ) | |
| WILLIAM BOWMAN, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER AND REPORT AND RECOMMENDATION

*Pro se* plaintiff Roy Mandell Smith has filed this 42 U.S.C. § 1983 case challenging criminal proceedings against him in 2014. *See* doc. 1-1 at 5, 7-9. Since Smith is subject to the "three-strikes" provision of 28 U.S.C. § 1915(g), *see, e.g., Smith v. White*, 2021 WL 4992746, at *1 (S.D. Ga. Oct. 27, 2021), he paid the Court's filing fee, *see* docket entry dated June 16, 2023. Since his Complaint is one "in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," the Court proceeds to screen it. 28 U.S.C. § 1915A(a).

Because the Court applies Federal Rule of Civil Procedure 12(b)(6) standards in screening a complaint pursuant to § 1915A, *Leal v. Ga. Dep't*

*of Corr.*, 254 F.3d 1276, 1278-79 (11th Cir. 2001), allegations in the Complaint are taken as true and construed in the light most favorable to the plaintiff. *Bumpus v. Watts*, 448 F. App'x 3, 4 n.1 (11th Cir. 2011). Conclusory allegations, however, fail. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (discussing a Rule 12(b)(6) dismissal). As Smith is proceeding *pro se*, his pleadings are held to a less stringent standard than pleadings drafted by attorneys and are liberally construed. *See Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011).

Smith alleges that he was "falsely arrested" in 2014 when he was transported from Smith State Prison to Liberty County Superior Court. *See* doc. 1-1 at 5. He alleges that the district attorney "assisted by" a Superior Court judge, presented him with "two (2) fraudulent written government document(s)[ ] at arraignment . . . ." *Id.* at 7. The documents in question were an arrest warrant and an indictment. *Id.* He has attached partial copies of the documents to his Complaint. *Id.* at 10-11. He was then taken before a magistrate judge and denied bond; allegedly constituting further "false imprisonment." *Id.* at 7. The "fraudulent indictment" was dismissed on July 19, 2021. *Id.* at 8. A copy of the motion and the order closing the case nolle prosequi is attached to the

Complaint. *Id.* at 15. He asserts that those facts support several state-law claims and a 42 U.S.C. § 1983 claim. *See id.* at 9.

Both "false arrest" and "malicious prosecution" are recognized claims, under 42 U.S.C. § 1983, for distinct violations of the Fourth Amendment. *See, e.g., Williams v. Aguirre*, 965 F.3d 1147, 1157-58 (11th Cir. 2020) (discussing distinct theories of "false arrest" and "malicious prosecution," under § 1983). "False arrest and false imprisonment overlap; the former is a species of the latter." *Wallace v. Kato*, 549 U.S. 384, 388 (2007). "[F]alse imprisonment ends once the victim becomes held *pursuant to such process*—when, for example, he is bound over by a magistrate or arraigned on charges." *Wallace*, 549 U.S. at 389. At that point, a plaintiff's claim is one for malicious prosecution. *Id.* at 390. Despite Smith's characterization of his claims as "false arrest," *see, e.g.,* doc. 1-1 at 5, his allegation that he was subject to legal process, even though he alleges it was defective, renders his § 1983 claim one for malicious prosecution, not false arrest or false imprisonment.[1] *See, e.g.,*

---

[1] To the extent that Smith did allege any false arrest claim arising out of the events that allegedly occurred in 2014, those claims would be time barred. Section 1983 claims are subject to the statute of limitations applicable to personal-injury torts under state law. *Wallace*, 549 U.S. at 387 (internal citation omitted). Under Georgia law, the statute of limitations for such claims is two years. O.C.G.A. § 9-3-33; *see also*

*Carter v. Gore*, 557 F. App'x 904, 906 (11th Cir. 2014) ("The issuance of a warrant—even an invalid one . . . –constitutes legal process, and thus, where an individual has been arrested pursuant to a warrant, his claim is for malicious prosecution rather than false arrest."); *see also, e.g., Williams*, 965 F.3d at 1158.   Regardless of the proper legal rubric, however, Smith's claims against District Attorney Durden and Liberty County Superior Court Judge Rose fail, as both enjoy absolute immunity.

Prosecutors are immune from § 1983 liability where their alleged malfeasance stems from their "function as advocate." *Jones v. Cannon*, 174 F.3d 1271, 1281 (11th Cir. 1999).  They enjoy "absolute immunity for the initiation and pursuit of criminal prosecution," even when accused of perjury.   *Id.; see also Imbler v. Pachtman*, 424 U.S. 409 (1976) (prosecutorial immunity applied to allegations prosecutor knowingly used perjured testimony and suppressed material evidence at trial); *Jackson v. Capraun*, 534 F. App'x 854, 859 (11th Cir. 2013) (prosecutor entitled to absolute immunity for initiating prosecution even if he did so

---

*Williams v. City of Atlanta*, 794 F.2d 624, 626 (11th Cir. 1986).  Generally, the statute of limitations for § 1983 claims begins to run when facts supporting the cause of action are or should be reasonably apparent to the plaintiff.  *Brown v. Ga. Bd. of Pardons & Paroles*, 335 F.3d 1259, 1261 (11th Cir. 2003) (*per curiam*).

with malicious intent); *Fullman v. Graddick*, 739 F.2d 553, 559 (11th Cir. 1984) (determining prosecutor entitled to immunity from § 1983 liability for allegedly conspiring to withhold evidence and to create and proffer perjured testimony).

Prosecutorial immunity "extends to a prosecutor's 'acts undertaken . . . in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State.'" *Jones*, 174 F.3d at 1281 (citation omitted).

> Prosecutorial immunity applies, for instance, to the prosecutor's actions in initiating a prosecution and presenting the State's case. A prosecutor is immune for malicious prosecution. Prosecutors are immune for appearances before a court and conduct in the courtroom, including examining witnesses and presenting evidence in support of a search warrant during a probable cause hearing.

*Hart v. Hodges*, 587 F.3d 1288, 1295 (11th Cir. 2009) (citations omitted). Smith's allegations against Durden fall squarely within the actions for which prosecutors are immune from suit. *See, e.g.,* doc. 1-1 at 7. Prosecutors are similarly immune from suits for malicious prosecution under Georgia law. *See McSmith v. Brown*, 732 S.E.2d 839, 839-40 (Ga. Ct. App. 2012); *see also Hall v. Ga. Dept. of Pub. Safety*, 2015 WL 12867005, at *10 (N.D. Ga. June 30, 2015) ("Similar to the immunity

applicable to claims under § 1983, Georgia law recognizes that prosecutorial immunity extends to a prosecutor's decision to file formal criminal charges against an individual." (internal quotation marks and citation omitted)).

Judges are also generally immune from suit unless they act in the "clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978); *Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir. 2005); *Simmons v. Conger*, 86 F.3d 1080, 1084-85 (11th Cir. 1996). This immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction. *See Stump*, 435 U.S. at 356; *Harris v. Deveaux*, 780 F.2d 911, 914 (11th Cir. 1986). "[J]udicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). All of Smith's allegations against Judge Rose implicate actions takin in his judicial capacity. *See* doc. 1-1 at 7.

To the extent that Smith alleges malicious prosecution claims against Sheriff Bowman, he does not allege any fact that suggests Bowman was responsible for either the initiation or continuation of the prosecution. *See, e.g., Kelly v. Curtis*, 21 F.3d 1544, 1557 (11th Cir. 1994)

(law enforcement officers were not liable for alleged malicious prosecution because "the intervening acts of the prosecutor, grand jury, [and] judge . . . each break the chain of causation unless [a] plaintiff can show that these intervening acts were the result of deception or undue pressure by the defendant policemen." (internal quotation marks, alteration, and citation omitted)).[2]  To the extent that Smith asserts a claim based on his allegation that Bowman "disregurrded [sic] . . . instructions to keep [him] housed at the Liberty County Ga. Sheriff's Jail . . . by falsely imprisoning [him] in Smith State Prison to await trial . . .," doc. 1-1 at 8, his claim fails because he has no constitutional right to incarceration in a particular facility.  *See, e.g., Alverson v. Mills*, 2020 WL 1979570, at *2 (M.D. Ala. Mar. 17, 2020) ("[I]t is well settled that [a prisoner] has no constitutional right to confinement in a particular prison . . . ."); *Borrero v. Wells*, 2010 WL 3292696, at *2 (S.D. Ga. May 25, 2010)

---

[2]  In *Williams*, the Eleventh Circuit declined to resolve whether an indictment will sever liability for an officer who provide false information to obtain an arrest warrant. *See* 965 F.3d at 1168.  Smith simply does not allege *any* action by Sheriff Bowman in procuring the warrant or apparent indictment at issue.

(citing *McKune v. Lile*, 536 U.S. 24, 39 (2002); *Meachum v. Fano*, 427 U.S. 215, 225 (1976)).

The analysis above should not come a surprise to Smith.  The Honorable C. Ashley Royal explained that Durden and Rose were immune from apparently identical claims more than five years ago.  *See Smith v. Sellers*, 2018 WL 2424141, at *4 (M.D. Ga. Mar. 14, 2018). Judge Royal also considered Smith's allegation "that the Liberty County charges [commencing with a bench warrant issued on November 7, 2013] were falsely brough against him . . . and the deputies and jailers at various prisons falsely transported Plaintiff to Liberty County courthouse." *Id.* at *3-*4.  Judge Royal found those allegations failed to state a claim.  *Id.*  As discussed above, Smith's claims do not appear to have improved with age.  Judge Royal also noted that "[a]lthough Plaintiff does not reveal the reason for which he is in prison, it is clear from the face of his complaint that he was independently incarcerated when the events underlying this action began and he remains incarcerated for reasons independent of the Defendants actions as of the date he filed his complaint." *Id.* at *3.  As discussed below, it appears

that Smith remains incarcerated for reasons that have nothing to do with his prosecution in Liberty County and any attendant transportation.

While it does appear, and the Court assumes for screening purposes, that the indicted case, "2013-R-311-JS," was closed, *see* doc. 1-1 at 11, 15, Smith was previously convicted of "three counts of aggravated assault, once count of burglary, and several firearms charges." *Smith v. State*, 754 S.E. 2d 783, 783-84 (Ga. Ct. App. 2014). In affirming his convictions, the Court of Appeals explained that Smith was convicted for a vicious attack on his own daughter and her mother after a dispute concerning child support. *Id.* at 784. Smith first incapacitated one victim with "a stun gun" and proceeded to shoot her multiple times. *Id.* After his daughter "came to the door and saw Smith shotting her mother":

> Smith chased his daughter into the living room, where she fell onto her knees. When she rolled over, she recognized Smith, who was leaning over her holding the gun in her face. She pleaded with him to stop and tried to push his gun away but he shot her in the jaw. Smith continued to pull the trigger but the daughter was looking into the barrel of the gun and saw that he had run out of bullets. He hit her on the head with his gun, then ran out the front door.

*Id.* It is not surprising, therefore, that a search of the Georgia Department of Corrections website indicates that Smith's is currently incarcerated with a "max possible release date" of February 28, 2091. *See*

Georgia Department of Corrections, https://gdc.ga.gov/GDC/Offender/Query, search for "Roy Smith" (last visited June 16, 2023).[3] It remains unclear, therefore, why Smith contends his continued incarceration is unconstitutional, notwithstanding the closure of the Liberty County case.

Although the Court can discern no viable federal claim against Defendant Bowman, and it is skeptical that any such claim could be asserted, Smith is entitled to an opportunity to amend before the Court recommends dismissal. *See, e.g., Jenkins v. Walker*, 620 F. App'x 709, 711 (11th Cir. 2015) ("Generally, when a more carefully drafted complaint might state a claim, a district court should give a *pro se* plaintiff at least one chance to amend the complaint before the court dismisses the actin."). Accordingly, Smith is **DIRECTED** to submit an Amended Complaint clarifying his allegations against Defendant Bowman by no later than July 5, 2023. To facilitate his preparation of

---

[3] This Court takes judicial notice of the Georgia Department of Corrections' record system. *See, e.g., Stovall v. Duncan*, 2014 WL 1818152, at *2 n. 3 (S.D. Ga. May 7, 2014) (citing Fed. R. Evid. 201; *Keith v. DeKalb Cnty, Ga.*, 749 F.3d 1034, 1041 n. 18 (11th Cir. 2014)); *Mitchell v. Nix*, 2007 WL 779067, at *4 (N.D. Ga. Mar. 8, 2007) (taking judicial notice of "the release dates . . . available on the Georgia Department of Corrections website").

the Amended Complaint, the Clerk is **DIRECTED** to send him a blank Form Pro Se 14 (Complaint for Violation of Civil Rights (Prisoner)). Smith is advised that his amended complaint will supersede the current operative complaint and therefore must be complete in itself.  *See Varnes v. Local 91, Glass Bottle Blowers Ass'n of U.S. & Canada*, 674 F.2d 1365, 1370 n. 6 (11th Cir. 1982).  Smith is further advised that failure to timely submit his amended complaint may result in a recommendation that this case be dismissed for failure to obey a court order or failure to prosecute. *See* Fed. R. Civ. P. 41(b).

Although Smith will have an opportunity to amend his claims against Bowman, Defendants Durdan and Rose's respective prosecutorial and judicial immunities render any claims Smith might assert against them futile.  Since amendment to the claims against Durden and Rose would be futile, they should be **DISMISSED**.  *See Jenkins*, 620 F. App'x 711 ("[A] district court need not allow amendment if the amended complaint would still be subject to dismissal.").

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3.  Within 14 days of service, any party

may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED AND REPORTED AND RECOMMENDED,** this 21st day of June, 2023.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA