IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

ROY MANDELL SMITH,                )
                                  )
        Plaintiff,                )
                                  )
v.                                )      CASE NO. CV423-148
                                  )
WILLIAM BOWMAN, Liberty County    )
Sheriff; TOM DURDEN, Liberty      )
County District Attorney; and     )
CHARLES PAUL ROSE, JR., Liberty   )
County Judge;                     )
                                  )
        Defendants.               )
                                  )

## O R D E R

Before the Court is the Magistrate Judge's June 21, 2023,
Report and Recommendation (Doc. 5), to which Plaintiff Roy Mandell
Smith has filed an objection (Doc. 9). After a careful review of
the record,[1] Plaintiff's objections are **OVERRULED** (Doc. 9), and
the report and recommendation (Doc. 5) is **ADOPTED** as the Court's
opinion in this case.

The Magistrate Judge recommended that Plaintiff's claims
against Defendants Tom Durden and Charles Paul Rose, the prosecutor
and judge involved in a 2014 prosecution against him, be dismissed

---

[1] The Court reviews de novo a magistrate judge's findings to which
a party objects, and the Court reviews for clear error the portions
of a report and recommendation to which a party does not object.
28 U.S.C. § 636(b)(1); see Merchant v. Nationwide Recovery Serv.,
Inc., 440 F. Supp. 3d 1369, 1371 (N.D. Ga. 2020) (citing Macort v.
Prem, Inc., 208 F. App'x 781, 784 (11th Cir. 2006) (per curiam))
(outlining the standard of review for report and recommendations).

based on their respective prosecutorial and judicial immunities. (Doc. 5 at 4-6.) He also directed Plaintiff to submit an amendment clarifying his claims against Defendant William Bowman, Sheriff of Liberty County, Georgia. (Id. at 10-11.)

To the extent that Plaintiff's objection addresses the Magistrate Judge's immunity analysis, it provides no basis to reject it. Plaintiff cites to a Georgia criminal statute concerning false statements. (See Doc. 9 at 6 (citing O.C.G.A. § 16-10-20).) Whatever relevance that criminal statute might have, it does not diminish Defendants Durden and Rose's immunity from civil claims arising from their prosecutorial and judicial acts, respectively. Plaintiff's wholly conclusory allegation that Defendant Rose "was not acting in his jurisdiction position when he signed" a bench warrant is wrong. (Doc. 9 at 6); see, e.g., Jones v. Seary, No. 7:12-CV-121 (HL), 2012 WL 5876256, at *3 (M.D. Ga. Nov. 20, 2012) (concluding the defendant judge was entitled to judicial immunity because he "was acting in his judicial capacity when he signed the warrants . . . [and] clearly had jurisdiction to sign arrest warrants[]"). Since Plaintiff's objection confirms that his claims against Defendants Durden and Rose concern actions taken in their prosecutorial and judicial capacities, the Court finds the Magistrate Judge correctly concluded that they are immune.

Plaintiff's claims against Defendants Durden and Rose are **DISMISSED**.

As to Plaintiff's remaining claim against Defendant Bowman, the deadline set by the Magistrate Judge for him to submit an amended complaint clarifying those claims has passed. (Doc. 5 at 10.) The Court previously granted an extension of Plaintiff's deadline to file his objections. (Doc. 7.) Plaintiff's motion requesting that extension asserted that the forthcoming objections would "prove . . . that a[n] amended complaint will not be needed . . . ." (Doc. 6 at 1.) The Court cannot discern any assertion in his objection that "clear[s] up" his claims against Defendant Bowman. (Id.) Accordingly, Plaintiff has failed to comply with the Magistrate Judge's order and abandoned his opportunity to amend his claims against Defendant Bowman. Therefore, these claims are **DISMISSED WITHOUT PREJUDICE**. See S.D. Ga. L.R. 41.1; Foudy v. Indian River Cnty. Sheriff's Off., 845 F.3d 1117, 1126 (11th Cir. 2017) ("Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order."). The Clerk of Court is **DIRECTED** to close this case.

SO ORDERED this *28ᵗʰ* day of August 2023.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA